IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO.  2:09CV188-MEF-CSC |
| ) | |
| CITY OF MONTGOMERY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 6, 2009, the pro se plaintiff, Alonzo Austin ("Austin"), filed this action against the City of Montgomery, Celia Dixon, and Montgomery Circuit Court Judge Gene Reese.  (Doc. No. 1.)  Austin asserts several claims related to an automobile accident and a Montgomery County Circuit Court civil trial concerning the liability of each driver.  Upon consideration of the pleadings, documents and evidentiary materials in this case, the court concludes that this case should be dismissed.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v.  Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.  *FW/PBS, Inc. v. City*

*of Dallas*, 493 U.S. 215 (1990).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

To the extent Austin challenges the outcome of his civil trial in the Montgomery Circuit Court, his claim is due to be dismissed for lack of jurisdiction. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 464 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Austin from proceeding before this court with respect to his challenge to state court decisions as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*,

125 S.Ct. at 1201.[1]  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

The court also notes that all of the allegations made by the plaintiff against Judge Reese arise from actions taken by him in his judicial capacity during circuit court proceedings.  Although Austin asserts a conclusory claim that Judge Reese was acting outside the scope and nature of his duties, the only facts alleged in his complaint indicate that the judge presided over the civil trial involving the automobile accident about which he complains.  The law is well established that a judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *See Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).

Austin also complains that the City of Montgomery and its officers failed to conduct a proper investigation of the automobile accident and that the police failed to comply with state law concerning the procedures and requirements related to traffic accidents.  Mere violations of state law, however, do not rise to the level of a constitutional violation.  *See*

---

[1] Austin's complaint does not state that he took an appeal from the adverse jury verdict.  The trial was held on November 18, 2008, and Austin's time for taking an appeal has long since expired.  ALA. R. APP. P. 4(a)(1).  Austin states that he did not receive a copy of the final judgment order; however, the complaint makes clear that he knew about the verdict.

3

*Rivera v. Illinois*, ___ U.S. ____, ___ S.Ct. ____, 2009 WL 815033 (March 31, 2009); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).

A review of the complaint demonstrates that the plaintiff does not assert any viable federal or constitutional claims. Thus, the court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The complaint indicates that all of the parties in this case are citizens of the State of Alabama. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The plaintiff's challenge to the outcome of the Montgomery County Circuit Court civil proceeding be dismissed with prejudice.

2. The plaintiff's state law claims be dismissed without prejudice.

3. This case be DISMISSED pursuant to FED R. CIV. P. 12(b)(1) and 12(h)(3).

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before April 15, 2009. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of April, 2009.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE